## In re TOOLE et al.

(Circuit Court of Appeals, Second Circuit. November 10, 1920.)

No. 37.

1. **Bankruptcy ⫸440—Reclamation order reviewable by appeal.**

An order made on the petition of a third party to reclaim property in the hands of a trustee is reviewable by appeal, under Bankruptcy Act, § 24a (Comp. St. § 9608), and not by petition to revise, under Bankruptcy Act, § 24b.

2. **Bankruptcy ⫸140(½)—Maker of check to bankrupt without consideration entitled to reclaim proceeds.**

Bankrupts, who were brokers, borrowed a certificate of stock from another brokerage firm, giving as collateral security their check for its agreed value. On the next day they repaid the loan by delivery of a different certificate, which they bought from a third firm, but had not paid for; and the lender, supposing the collateral check had been paid, gave their own check in repayment, which was collected by bankrupts' receiver appointed in the meantime. The collateral check was not paid, owing to the intervening bankruptcy. *Held*, that the lending firm was entitled to reclaim the proceeds of their check as having been given without consideration, and that the firm which sold the second certificate of stock had no claim on such fund.

Petition to Revise and Appeal from the District Court of the United States for the Southern District of New York.

⫸For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In the matter of Charles B. Toole and others, bankrupts. On appeal from and petition to revise order of District Court by Logan. & Bryan. Petition dismissed, and affirmed on appeal.

Wollman & Wollman, of New York City (H. Wollman, of New York City, of counsel), for appellants.

Zalkin & Cohen and Taylor, Knowles & Hack, all of New York City (R. T. Knowles, of New York City, of counsel), for bankrupts.

Before WARD, ROGERS, and MANTON, Circuit Judges.

WARD, Circuit Judge. Logan & Bryan and Stout & Co., both members of the New York Stock Exchange, each claim a fund of $7,701.08, proceeds of a check of Stout & Co. to the order of Toole, Henry & Co., now in the hands of the trustee in bankruptcy of Toole, Henry & Co., also members of the New York Stock Exchange, as a separate fund awaiting the decision of the controversy between the rival claimants.

[1] Judge A. N. Hand dismissed the petition of Logan & Bryan, and directed the trustee to pay over the fund to Stout & Co. Logan & Bryan have taken both a petition to revise and an appeal from this order. The claim, being a reclamation by a third party of his own property in the hands of the trustee, is a controversy arising in bankruptcy proceedings, and the proper remedy is appeal under section 24a, and not a petition to revise under section 24b of the Bankruptcy Act (Comp. St. § 9608).

[2] April 2, 1919, Logan & Bryan delivered to Toole, Henry & Co. certificate No. C40667 for 100 shares of Central Leather stock, indorsed in blank, together with a bill for the purchase price $7,537.50. This was a cash transaction, and the messenger, in accordance with the usual practice of stockbrokers, left the certificate and bill with Toole, Henry & Co., and subsequently returned for their check, which was refused, because in the meantime a receiver in bankruptcy of that firm had been appointed.

April 1, 1919, Stout & Co. had loaned Toole, Henry & Co. certificate No. 40436 for 100 shares of Central Leather stock, with interest at 4 per cent., to be returned the next day, and to be secured in the meantime by deposit of collateral in the amount of $7,702, which was the agreed value of the stock plus the price of the stock transfer stamps. After banking hours on that day Toole, Henry & Co. sent as collateral to Stout & Co. their check for $7,702, which Stout & Co. deposited in their bank; it then being too late for certification.

April 2, Toole, Henry & Co. delivered the certificate No. C40667 to Stout & Co. in return for the certificate they had borrowed the day before, and Stout & Co., supposing that the collateral check of Toole, Henry & Co. for $7,702 had been paid, and not knowing of their insolvency, nor of the appointment of a receiver, sent them their check, dated April 2, for $7,701.08, the amount of the collateral with interest at 4 per cent. In point of fact, the check of Toole, Henry & Co. was returned, "Payment stopped by receiver." The receiver collected the check of Stout & Co. for $7,701.08.

As between Logan & Bryan, on the one hand, and Toole, Henry & Co. and their receiver, on the other, certificate No. C40667 was Logan & Bryan's. Toole, Henry & Co. never had any title to it, and fraudulently delivered it to Stout & Co. In re T. A. McIntyre & Co., Appeal of Pippey, 181 Fed. 955, 104 C. C. A. 419; In re Perpall, 256 Fed. 758, 168 C. C. A. 104.

On the other hand, Stout & Co. were purchasers of the certificate for value in good faith without notice, and between them and Toole, Henry & Co. and their receiver they were the owners of it, subject only to the duty of returning Toole, Henry & Co.'s collateral. Personal Property Law of the State of New York, §§ 167, 168 (chapter 600, Laws 1913).

If Stout & Co. had not sent their check for $7,701.08, all Toole, Henry & Co. or their receiver would have been entitled to would have been the unpaid check for $7,702. The fact that Stout & Co. sent their check to Toole, Henry & Co., supposing that they had received the collateral from Toole, Henry & Co., does not impair their rights. They are entitled to a return of their money in the hands of the trustee as paid without consideration.

Logan & Bryan are not connected with the collateral of the loan at all. If it had been paid to Stout & Co., and by them returned to Toole, Henry & Co., Logan & Bryan would have had no right to it as being their property in the hands of the trustee.

The order is affirmed.